## CAROLINE M. KEOUGH, ADMX.
### *vs.*
## SAMUEL MULFORD KEOUGH

Superior Court      Fairfield County      File No. 58468

MEMORANDUM FILED JULY 2, 1940.

*Pullman & Comley,* of Bridgeport, and *David Goldstein,* of Bridgeport, for the Plaintiff.

*Cullinan & Cullinan,* of Bridgeport, for the Defendant.

BOOTH, J. The action has been in court since September, 1939. On February 14, 1940, a demurrer to the complaint was sustained. On March 11, 1940, a substituted complaint was filed. On April 17, 1940, a demurrer to the substituted complaint was sustained. Thereafter the plaintiff, who was at all times represented by competent counsel, saw fit not to plead over within the time provided by the rules of court, and on

May 13, 1940, the defendant filed a motion for judgment for failure so to plead.

On May 17, 1940, the court granted the last named motion and rendered judgment for the defendant.

No appeal has been taken from such judgment and the time limited therefor has since expired. The plaintiff now seeks to have the judgment reopened and permission granted to file an amendment to the last above substituted complaint, which amendment she claims will cure the defects in said substituted complaint as pointed out in the court's memorandum of decision upon the sustaining of the last mentioned demurrer. Whether such amendment, if allowed, would so cure is questionable, but as to this the court may not at the present time undertake to determine for the reason that the legal sufficiency of the complaint, if and when amended, is not now in issue.

The decisive feature of the present motion is whether the plaintiff has met the requirements of section 5649 of the General Statutes, Revision of 1930, which permits the reopening of a judgment of nonsuit.

In so far as time is concerned the question must be answered in the affirmative but in so far as showing a reasonable cause therefor is concerned it appears to the court that a negative answer is required.

As previously stated, the plaintiff has at all times been represented by competent counsel who apparently had ample time between April 17, 1940, when the last demurrer to the complaint was sustained, and May 17, 1940, when the judgment was entered, to consider an amendment such as is now proposed. Further, it does not appear that the plaintiff was prevented by mistake, accident or any other cause from pleading over if she chose to do so. Indeed, it seems to be conceded that counsel fully considered the entire matter, acquainted the plaintiff with the legal situation, including the possibility of an appeal, and that she thereafter deliberately chose to abandon her effort until June 26, 1940, when she filed the present motion.

In view of all the circumstances it is the opinion of the court that the plaintiff has not met the provision of the rule which requires a showing of reasonable cause for the reopening of the judgment in question and consequently exercises its discretion contrary to that requested by the plaintiff.

Motion as made is therefore denied.